**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| FRED CECIL DEAN, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sheriff STACY BLOODSWORTH, *et al.*, | : | NO. 5:10-CV-108 (CAR) |
| Defendants | : | **O R D E R** |

Plaintiff **FRED CECIL DEAN**, apparently now a former prisoner, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff has supplemented his complaint. Solely for purposes of this Court's dismissing plaintiff's complaint, leave to proceed *in forma pauperis* is hereby **GRANTED**.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Notwithstanding the fact that plaintiff has been released from custody, the Court must still conduct a 28 U.S.C. § 1915(e)(2) frivolity determination. Under section 1915(e)(2), the Court is required to review *pro se* complaints against a governmental entity or employees of a governmental entity and dismiss any portion of the complaint it finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements.

First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff makes numerous claims concerning alleged unconstitutional conditions of confinement in the Wilcox County Jail, where plaintiff was confined for five days, from January 30, 2010 to February 4, 2010. Specifically, plaintiff complains that the jail's plumbing is in poor condition and an "unpleasant odor" emanates from the leaky toilets; that he was cold in his cell and was only given an old, worn blanket; that the "poor quality" of food left plaintiff feeling malnourished; that he was only permitted 30 minutes recreation time; that the jail lacks a law library; that the jail inadequate fire safety systems; and that plaintiff was pain medication for an unspecified illness.

## III. DISCUSSION

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and sanitation.[1] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Hamm v. DeKalb County*, 774 F.2d 1567, 1572 (11th Cir. 1985), *cert. denied* 475 U.S. 1096 (1986). To prevail on an Eighth Amendment claim, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference,"

---

[1] It is unclear whether plaintiff was a pretrial detainee during his time at the Doraville City Jail or if he had already been sentenced for his probation violation. For purposes of this Court's analysis, however, it does not matter whether plaintiff was a pretrial detainee or had already been sentenced. The Eleventh Circuit has held, however, that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. DeKalb Co.*, 774 F.2d 1567, 1574 (11th Cir. 1985).

that is, the officials knew of and disregarded an excessive risk to inmate health and safety. *Farmer*, 511 U.S. at 834.

Under the first, objective, prong, isolated instances of deficient and uncomfortable conditions of confinement do not constitute cruel and unusual punishment. For conditions of confinement to violate the Eighth Amendment, even though they may be harsh and cause discomfort, the conditions must involve the "unnecessary and wanton infliction of pain," *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981), and deprive an inmate of the "minimal civilized measure of life's necessities." *Id.* at 347. The challenged condition must be "extreme" and pose "an unreasonable risk of serious damage" to the prisoner's health or safety. *Chandler v. Crosby*, 379 F.3d 1278, 1279 (11th Cir. 2004) (citations omitted). The severity and duration of the prisoner's exposure to the alleged unconstitutional condition are factors to consider in determining whether a prisoner's rights were violated. *Id.* at 1295.

Applying the above standards to the present case, the Court concludes that the conditions about which plaintiff complains are not "sufficiently serious" from an objective standpoint to constitute an Eighth Amendment violation. Particularly given that plaintiff was confined at the Wilcox County Jail for only five days, the conditions, while unpleasant, did not pose a serious risk of damage to plaintiff's health or safety or deprive plaintiff of the "minimal civilized measure of life's necessities." Accordingly, dismissal of plaintiff's complaint is appropriate.

### IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 22nd day of APRIL, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE